*United States Bankruptcy Court*
*District of Massachusetts*

In re: TRADEX CORPORATION,            )
                                       )
                                       )   Chapter 11
            DEBTOR.                    )   Case No. 05-40748-JBR
                                       )
_____)

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [#76]**

This matter having come before the Court on the Debtor's Motion for Reconsideration of the Court's Order of April 7, 2005 Granting the United States Trustee's Motion to Appoint a Chapter 11 Trustee [Docket No. 76] (the "Motion"), after due consideration of the Motion, the United States Trustee's Motion for Appointment of a Chapter 11 Trustee, the oppositions thereto and a review of the record as a whole, the Court hereby makes the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2. With only one exception, namely the loan from Charles Gitto to the Debtor originated in or around 1992 and was intended to finance construction of the real estate located at 140 Shirley-Leominister Road, the Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome.

3. The new information set forth above is insufficient to alter the previous decision of the Court. The Order granting the United States Trustee's Motion was based on several factors, including the principal's past dealings with the debtor. The Debtor's failure to schedule the loan, even if the loan was inadvertently not scheduled, was only one small fact considered by the Court and does not warrant reconsideration of the Order approving appointment of a Chapter 11 Trustee.

For the foregoing reasons, the Motion for Reconsideration is hereby DENIED.

Dated: April 19, 2005

Joel B. Rosenthal
United States Bankruptcy Judge.